UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ and<br>MARIA GUADALUPE PEREZ<br><br>Plaintiffs,<br><br>V.<br><br>GUADALUPE "LUPE" TREVIÑO,<br>SHERIFF OF HIDALGO COUNTY, TEXAS,<br>AND HIDALGO COUNTY, TEXAS AND CITY<br>OF MISSION, TEXAS<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 13-261<br><br>JURY DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** JOSE G. PEREZ and MARIA GUADALUPE PEREZ, hereinafter called Plaintiffs, complaining of and about GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS and CITY OF MISSION, TEXAS, hereinafter called Defendants, and for cause of action show unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, JOSE G. PEREZ and MARIA GUADALUPE PEREZ, are individual residing within Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen, Division .

3. Defendant GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, an Individual who is a resident of Texas, may be served with process at his office at the following address: 711 E. El Cibolo Road, Edinburg, Texas 78542.. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant HIDALGO COUNTY, TEXAS, a a local governmental entity, may be served with process by serving County Judge Ramon Garcia of said a local governmental entity, at 302 West University, Edinburg, TX 78539.  Service of said Defendant as described above can be effected by personal delivery.

7. Defendant CITY OF MISSION, TEXAS, a a municipal corporation, may be served with process by serving its mayor of said a municipal corporation, Norberto Salinas, at 1201 East 8th Street, Mission, TX 78572.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8. The subject matter in controversy raises a question of federal law and is within the jurisdiction of this court pursuant to the provisions of 28 USC §§1331 and 1343, and Plaintiffs are seeking recovery of damages in excess of $75,000.00

9. This court has jurisdiction over the parties because Defendants reside within the area of Texas served by the McAllen Division, Southern District of Texas.

## FACTS

10. In July 2102, Jose G. Perez and his wife, Maria Guadalupe Perez, ("Plaintiffs") were sitting in their home when 6 armed men burst into their home demanding drugs. These invaders were agents and officers of the Panama Unit of the Hidalgo County Sheriff's Department and officers of the Mission Police Department. These intruders proceeded to ransack the furniture and broke open cabinets searching for their illegal prize

11. When the intruders found nothing in the home of Plaintiffs, they forced the elderly couple into an unmarked SUV, and told Jose G. Perez to "call someone that sells drugs or else". The driver threatened Perez that "if he didn't call someone right away, [he] was going to take him somewhere, and you know what I mean".

12. Jose G. Perez got on his cell phone and started dialing, and located someone who agreed to meet the invaders at Matt's Cash & Carry in Pharr, Texas. Soon thereafter, a car pulled up and opened his trunk to reveal 2 kilos of cocaine worth approximately $50,000.00

13. The invaders released Plaintiffs and told them not to use their cell phones or look back. Mission Police records later revealed that the arrest and confiscation of the 2 kilos of cocaine was reported to be less than one-half the amount of cocaine seized.

## PLAINTIFFS' CLAIMS FOR SECTION 1983

14. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States (R.S. 1979, 42 USC 1983, and arising under the law and statutes of the State of Texas.

15. At all times mentioned herein Defendant City of Mision was a municipal corporation of the State of Texas, and was the employer of participants in the Panama Unit. The City of Mission provided the participants in the Panama Unit with an official badge and identification card which designated and described its bearer as a police officer of the said city's police department. The City of Mission is the municipal corporation in whose name the particpants in the Panama Unit performed all acts and omissions alleged herein.

16. At all times mentioned herein, Defendant Guadalupe "Lupe" Treviño, was the duly elected Sheriff of Hidalgo County, Texas in charge of the deputies who were the participants in the Panama Unit. The illegal activities of the Panama Unit was known to the Sheriff, and not only did he fail to intercede and curtail these illegal activities, as required by his oath of office, but he actively supported the illegal efforts of the Panama Unit.

At all times mentioned herein Defendant Hidalgo County was a political subdivision of the State of Texas and was the employer of the participants in the Panama Unit. Hidalgo County provided the participants in the Panama Unit with an official badge and identification card which designated and described its bearer as a deputy sheriff of Hidalgo County, and the participants in the Panama Unit performed all acts and omissions alleged herein under the auspices of Hidalgo County.

17. During all times mentioned herein, the Sheriff Guadalupe "Lupe" Treviño by and through his trusted subordinates, and the participants of the Panama Unit, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the State of Texas and the County of Hidalgo and the City of Mission. Each of the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of each of the Plaintiffs and deprived each of the Plaintiffs of the rights, privileges, and immunities secured to plaintiff[s] by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

18. The Mission Police Department and its individual members, who are agents and employees of Defendants as well as the Hidaglo County Sheriff's Office, together with persons unknown to Plaintiffs, acting under color of law, have subjected Plaintiffs and other persons to a pattern of conduct consisting of conspiracy to kidnap each of the Plaintiffs, kidnapping, burglary of a habitation, and robbery, in denial of rights, privileges, and immunities guaranteed plaintiffs and other citizens by the Constitution of the United States.

19. Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, the City of

Mission and Hidalgo County, took no steps or efforts to order a halt to this course of conduct, to make redress to these Plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents, and Defendants have in fact praised and commended their police officers and deputies, such praise having the effect of encouraging their agents and employees to continue this pattern of conduct.

20. Each of the Defendants, separately and in concert, acted outside the scope of its jurisdiction and without authorization of law and Sheriff Guadalupe "Lupe" Treviño, separately and in concert, acted wilfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights secured to Plaintiffs by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Sections 1983.

21. Further, when interviewed by local news reporters, Sheriff Guadalupe "Lupe" Treviño referred to Plaintiff Jose G. Perez as a "small-time drug dealer", when Treviño, knew or should have known by reasonable investigation, that Perez had no criminal record. Treviño's malicious and untruthful statement has caused Perez great embarassment and mental anguish. Accordingly, Plaintiff Jose G. Perez is seeking compensation according to law for the slanderous statements of Sheriff Guadalupe "Lupe" Treviño.

## DAMAGES

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, JOSE G. PEREZ and MARIA GUADALUPE PEREZ, Plaintiffs, were caused to suffer extreme emotional trauma, and to incur the following damages:

    A. Mental anguish in the past; and

    B. Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, JOSE G. PEREZ and MARIA GUADALUPE PEREZ, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: _____
James P. Grissom
Lead Counsel
Texas Bar No. 08511900
1111 W. Nolana Avenue
McAllen, Texas  78504-3747
Tel. (956) 994-1127
Fax. (888) 400-6407

Joseph A. Connors III
Co-Counsel
Texas Bar No. 04705400
605 East Violet #3
McAllen, TX 78504
Tel. (956) 687-8217

Attorneys for Plaintiffs
JOSE G. PEREZ

**PLAINTIFSF HEREBY DEMAND TRIAL BY JURY**