IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ and MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, <br>     Plaintiffs <br><br> V. <br><br> GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS AND CITY OF MISSION, TEXAS, <br>     Defendants | § § § § § § § § § § § § § § | CIVIL ACTION NO. M-13-CV-261 |

## PLEA TO THE JURISDICTION AND FIRST AMENDED ORIGINAL ANSWER OF GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS, Defendants ("Defendants") in the above-entitled and numbered cause and file this, their Plea to the Jurisdiction and First Amended Original Answer to Plaintiffs' First Amended Original Petition, and in support of same, would show the Court as follows:

### 1.0 PLEA TO THE JURISDICTION

1.1     This Court does not have jurisdiction over this claim, because the Texas Legislature has not waived Defendants' immunity from suit for this claim. This lawsuit involves a suit against Hidalgo County, a political subdivision of the State of Texas and the Hidalgo County Sheriff, who presides over a Department of the County, for damages

allegedly arising out of the acts of employees of the Hidalgo County Sheriffs' Department. Plaintiffs have not obtained the State's consent to sue, nor have they affirmatively demonstrated the court's jurisdiction to hear the lawsuit under the Texas Tort Claims Act or some other statute that waives the government's immunity from suit. Therefore, the suit should be dismissed.  *Texas Dept. of Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001).

## 2.0.  ANSWER

2.1    Except to the extent expressly admitted herein, Defendants GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS deny each and every, all and singular, the material allegations contained in Plaintiffs' First Amended Original Complaint and demand strict proof thereof, by a preponderance of the credible evidence.

2.2    As to the allegations set forth in Paragraph 1 of Plaintiffs' First Amended Original Complaint, Defendants admit that Jose G. Perez and Maria Guadalupe Perez are residents of Hidalgo County, Texas.  Defendants deny that Patrick L.T. Shumaker is a resident of Hidalgo County, Texas.

2.3    Paragraph 2 is missing from Plaintiffs' First Amended Original Complaint.

2.4    Defendants admit the allegations set forth in Paragraph 3 of Plaintiffs' First Amended Original Complaint.

2.5    Paragraphs 4 and 5 are missing from Plaintiffs' First Amended Original Complaint.

2.6     Defendants admit the allegations set forth in Paragraph 6 of Plaintiffs' First Amended Original Complaint.

2.7     As to the allegations set forth in Paragraph 7 of Plaintiffs' First Amended Original Complaint., Defendants deny that Defendant CITY OF MISSION, TEXAS has answered in this case. Defendants admit all other allegations in Paragraph 7 of Plaintiffs' First Amended Original Complaint.

2.8     As to the allegations set forth in Paragraph 8 of Plaintiffs' First Amended Original Complaint, Defendants admit that Plaintiffs have alleged questions of federal law which would create jurisdiction in this Court, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343.  Defendants are not required to answer those portions of Paragraph 8 of Plaintiffs' First Amended Original Complaint in which it alleges Plaintiffs' intentions and not facts.

2.9     Defendants admit the allegations set forth in Paragraph 9 of Plaintiffs' First Amended Original Complaint.

2.10    Defendants deny the allegations and characterizations set forth in Paragraph 10 of Plaintiffs' First amended Original Complaint.

2.11    Defendants deny the allegations and characterizations set forth in Paragraph 11 of Plaintiffs' First Amended Original Complaint.

2.12    As to the allegations set forth in Paragraph 12 of Plaintiffs' First Amended Original Complaint, Defendants admit that Jose G. Perez called his cocaine dealer, who agreed to meet him at Matt's Cash & Carry in Pharr, Texas. Defendants deny that the

trunk of the vehicle which pulled up into Matt's Cash & Carry contained 2 kilograms of cocaine worth approximately $50,000.00.

2.13 Defendants deny the allegations and characterizations set forth in the first sentence Paragraph 13 of Plaintiffs' First Amended Original Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 regarding the reported amount of cocaine seized and/or confiscated, therefore such allegations are denied.

2.14 Defendants deny the allegations and characterizations set forth in Paragraph 14 of Plaintiffs' First Amended Original Complaint.

2.15 Defendants are not required to answer Paragraph 15 of Plaintiffs' First Amended Original Complaint which alleges Plaintiffs' intentions and not facts.

2.16 As to the allegations set forth in Paragraph 16 of Plaintiffs' First Amended Original Complaint, Defendants admit that the City of Mission, Texas was the employer of certain of the participants in the Panama Narcotic Task Force. Defendants admit that the City of Mission provided certain of the participants in the Panama Narcotic Task Force with an official badge and identification card which designated and described its bearer as a police officer with the Mission Police Department. Defendants admit that the City of Mission is a municipal corporation. Defendants deny that the acts and omissions alleged in Plaintiffs' First Amended Original Complaint were performed in the name of the City of Mission.

2.17 As to the allegations set forth in Paragraph 17 of Plaintiffs' First Amended Original Complaint, Defendants admit that Defendant Guadalupe "Lupe" Treviño was

the duly elected Sheriff of Hidalgo County at all times mentioned in Plaintiffs' First Original Complaint. Defendants admit that certain deputies under Sheriff Treviño were assigned to participate in the Panama Narcotic Task Force. Defendants deny that Sheriff Treviño had any knowledge of alleged illegal activities by Sheriff's deputies assigned to the Panama Narcotic Task Force until after the arrest of participants in the Panama Unit Narcotic Task Force. Defendants admit that Sheriff Treviño obtained knowledge of certain violations of Hidalgo County Sheriff's Office operational procedures after receipt of complaints made to Pharr Police Department by Plaintiffs herein. Defendants deny that Sheriff Treviño failed to intercede and curtail inappropriate activities by deputies assigned to the Panama Narcotic Task Force. Defendants deny that Sheriff Treviño actively supported illegal efforts of the Panama Narcotic Task Force.

  2.18 As to the allegations set forth in Paragraph 18 of Plaintiffs' First Amended Original Complaint, Defendants admit that Defendant Hidalgo County was a political subdivision of the State of Texas at all times mentioned in Plaintiffs' Original Complaint. Defendants admit that Hidalgo County was the employer of certain of the participants in the Panama Narcotic Task Force. Defendants admit that the Hidalgo County Sheriff's Office provided certain of the participants in the Panama Narcotic Task Force with an official badge and identification card which designated and described its bearer as a deputy sheriff of Hidalgo County. Defendants deny that the acts and omissions alleged in Plaintiffs' Original Complaint were performed "under the auspices of" Hidalgo County.

  2.19 Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' First Amended Original Complaint.

2.20    Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Original Complaint.

2.21    Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' First Amended Original Complaint.

2.22    Defendants deny the allegations set forth in Paragraph 22 of Plaintiffs' First Amended Original Complaint.

2.23    As to the allegations set forth in Paragraph 23 of Plaintiffs' First Amended Original Complaint, Defendants admit that Sheriff Guadalupe "Lupe" Treviño referred to Plaintiff Jose G. Perez as a small-time drug dealer, or words to that effect. Defendants deny that a criminal conviction is necessary to reach the conclusion or observe that an individual is engaged in a criminal activity. In fact, Paragraph 12 of Plaintiffs' First Amended Original Complaint admits that Mr. Perez had the ability to quickly arrange for 2 kilos of cocaine.  Sheriff Guadalupe "Lupe" Treviño denies that his statement was malicious, untruthful, or that it was made without reasonable investigation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Perez was caused great embarrassment and mental anguish and accordingly such allegations are denied.  Defendants are not required to answer those portions of Paragraph 23 of Plaintiffs' Original Complaint which allege Plaintiffs' intentions and not facts.

2.24    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' First Amended Original Complaint and accordingly such allegations are denied.

## 3.0 AFFIRMATIVE DEFENSES

3.1    These Defendants would show that Plaintiffs' First Amended Original Complaint fails to state a claim upon which relief may be granted.

3.2    These Defendants would show that the claims of Plaintiffs, which are not admitted but are denied, are barred in whole or in part, and by a common law and/or statutory privilege, and that that the actions of these Defendants are absolutely, conditionally, qualified, quasi and/or otherwise privileged as a matter of law.

3.3    Plaintiffs are not entitled to relief because they have failed to allege facts, which if proved, would show that a policy, custom, practice, statement, ordinance, regulation or decision officially adopted and promulgated by Hidalgo County that constituted deliberate indifference which can be causally related to any allegedly unconstitutional conduct any of its officials, or employees, as required under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 685,693 (1978).

3.4    To the extent that Plaintiffs bring state law causes of action against these Defendants, Plaintiffs cannot recover directly or indirectly from these Defendants, because the Texas Tort Claims Act and the laws of the State of Texas do not allow Plaintiffs' state law claims, and thus such Defendants' sovereign immunity have not been waived.  In the alternative, and to the extent that Plaintiffs have brought any state law causes of action against these Defendants, these Defendants invoke the statutory limits on liability and damages set forth in the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code §§101.023, .024.

3.5     In the alternative, to the extent that Plaintiffs have brought state law causes of action against these Defendants, Defendants would further invoke all defenses authorized under the Texas Tort Claims Act, including, but not limited to, the defenses set forth in sections 101.055, 101.056, 101.106 and 101.057(2) of the Texas Civil Practice and Remedies Code.

3.6     In the alternative, and to the extent that Plaintiffs bring state law causes of action against these Defendants, Plaintiffs have failed to plead that proper notice was given under section 101.101 of the Texas Civil Practices and Remedies Code and are thus not entitled to Defendants' limited waiver of sovereign immunity. Defendants assert their state and federal rights to sovereign and governmental immunity. Hidalgo County has not consented to be sued in this case and has not consented to being subject to liability under the facts of this case. Defendants accordingly assert their entitlement to and lack of waiver of the state and federal doctrines of governmental immunity, to the extent that Plaintiffs seek to hold them liable for the acts of Hidalgo County's employees.

3.7     To the extent that Sheriff Guadalupe "Lupe" Treviño is sued in his individual capacity, he is entitled to good-faith qualified immunity for all claims alleged against him as set out in Plaintiffs' First Amended Original Complaint under the federal doctrine of qualified immunity.

3.8     To the extent Sheriff Guadalupe "Lupe" Treviño is sued in his individual capacity, he is further entitled to immunity from any and all liability in connection with Plaintiffs' claims under the state doctrine of qualified immunity, or official immunity. Specifically, Plaintiff has failed to specify how Defendant Sheriff Guadalupe "Lupe"

Treviño is not entitled to official immunity, as is required under Texas law. Defendants assert their entitlement to the state doctrine of qualified immunity, or official immunity, to the extent that Plaintiffs seek to hold them liable for the acts of their employees. Further, any suit against Sheriff Guadalupe "Lupe" Treviño in his official capacity as Sheriff is the same as a suit against Hidalgo County. Therefore, all claims against Sheriff Treviño should be dismissed as they are duplicative of the claims against Hidalgo County.

  3.9 Pleading in the alternative, without the benefit of discovery, if any of Plaintiffs complaints of officer misconduct are true, which is denied, then Plaintiffs' damages, if any, would have been caused, in whole or in part, by the acts and omissions of third parties over whom these Defendants had no control or right of control and for which these Defendants cannot be held liable.

  3.10 These Defendants reserve the right to assert any applicable defenses pertaining to Plaintiffs' claims once discovery is conducted.

## 4.0. RESERVATIONS

  4.1 Without waiving the foregoing denials and affirmative defenses, but still insisting upon same for further answer, if any need be necessary, and as separate defenses, these Defendants reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions and discovery as they may deem proper.

  WHEREFORE, PREMISES CONSIDERED, Defendants GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS pray that upon final trial and hearing hereof, that Plaintiffs' claims be dismissed

for lack of jurisdiction, or in the alternative, Plaintiffs take nothing by their suit and that these Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

        Respectfully submitted,

        */s/ Preston Henrichson*
        _____
        **PRESTON HENRICHSON**
        Texas Bar No. 09477000
        Federal I.D. # 1922
        LAW OFFICES OF PRESTON HENRICHSON, P.C.
        Edinburg, TX 78539
        Telephone: (956) 383-3535
        Facsimile: (956) 383-3585
        **ATTORNEY IN CHARGE FOR HIDALGO COUNTY**

**MARISSA CARRANZA HERNANDEZ**
Texas Bar No. 24038802
Federal I.D. # 561308
MACH ATTORNEY AT LAW
205 East Mahl
Edinburg, TX 78539
Telephone:  (956) 386-9733
Facsimile: (956) 386-9882
OF COUNSEL FOR HIDALGO COUNTY

**CERTIFICATE OF SERVICE**

      This is to certify that on this the 11th day of July, 2013, a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail through the Electronic Case Filing System, to all counsel of record.

*/s/ Preston Henrichson*
_____
For the Firm

James P. Grissom
Attorney at Law
1111 West Nolana Avenue
McAllen, TX 78504-3747

Joseph A. Connors, III
Attorney at Law
605 East Violet #3
McAllen, TX 78504