UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE G. PEREZ　　　　　　　　　　　* <br> MARIA GUADALUPE PEREZ　　　　* <br> PLAINTIFFS　　　　　　　　　　　　* <br> VS　　　　　　　　　　　　　　　　* <br> <br> GUADALUPE "LUPE" TREVINO　　　* <br> SHERIFF OF HIDALGO COUNTY,　　* <br> TEXAS, AND HIDALGO COUNTY, <br> TEXAS AND CITY OF MISSION, TEXAS * | CIVIL ACTION 7:13-CV-00261 |

## MOTION TO INTERVENE

For the reasons set forth below and in the accompanying Memorandum, Hector Rivera hereby moves to intervene in the above-captioned case as a party-plaintiff, pursuant to Rule 24B of the Federal Rules of Civil Procedure (Permissive Intervention).

Movant relies on the accompanying memorandum of points and authorities to support this motion.

　　　　　　　　　　　　　　　　　　　　　　/s/Richard Alamia
　　　　　　　　　　　　　　　　　　　　　　Richard Alamia
　　　　　　　　　　　　　　　　　　　　　　113 S. 10th Ave.
　　　　　　　　　　　　　　　　　　　　　　Edinburg, TX. 78539
　　　　　　　　　　　　　　　　　　　　　　956-381-5766
　　　　　　　　　　　　　　　　　　　　　　956-381-5774

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ | * | |
| MARIA GUADALUPE PEREZ | * | |
| PLAINTIFFS | * | CIVIL ACTION 7:13-CV-00261 |
| VS | * | |
| | | |
| GUADALUPE "LUPE" TREVINO | * | |
| SHERIFF OF HIDALGO COUNTY, | * | |
| TEXAS, AND HIDALGO COUNTY, | | |
| TEXAS AND CITY OF MISSION, TEXAS | * | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

Hector Rivera submits this memorandum of points and authorities in support of his motion, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in this action.

I.

Hector Rivera Jr. on February 17th, 2010 was arrested for having a controlled substance to wit cocaine in the house. While he was asleep, police officer Jonathan Trevino slapped my client four times on his face, in a very hard manner. Other officers on the scene told Jonathan Trevino to stop slapping Plaintiff. At this time Plaintiff asked for his medications because Plaintiff suffers from seizures. Plaintiff was ignored by Jonathan Trevino and Mr. Trevino failed to give my client his medications. Defendant acted this way because my client failed to cooperate with him, in giving him information. Defendant Jonathan Trevino acted intentionally, knowingly and reckless. The Defendant slapped Plaintiff causing bodily injury.

II.

A governmental unit in this state is liable for:

   (1) property damage, personal injury, and death proximately caused by the wrongful act or
   (2) omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-
(B) driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(3) personal injury and death so caused by a condition or use of tangible personal or real property
(4) if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Plaintiff Hector Rivera Jr. is claiming that the City of Mission, the Hidalgo County Joint Narcotic Task Force and Jonathan Trevino are responsible for negligent hiring, negligent training, and negligent failure to train Jonathan Trevino.

III.

It is undisputed that the City is a governmental entity to which the doctrine of sovereign immunity is applicable. When an affirmative defense like sovereign immunity is established, the burden of raising a disputed fact issue shifts to the non-movant. *Ager v. Wichita General Hosp.*, 977 **S.W**.2d 658, 660 (Tex.App.—Fort Worth 1998, no pet.); *Brand v. Savage*, 920 **S.W**.2d 672, 673 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Armendarez v. Tarrant County Hosp. Dist.*, 781 S.W.2d 301, 303 (Tex.App.—Fort Worth 1989, writ denied).

Both the United State Supreme Court and the Texas Supreme Court have drawn a distinction between claims for negligent employment and negligent entrustment and the intentional acts of an employee. *See Sheridan v. U.S.*, 487 U.S. 392, 108 S.Ct. 2449, 2454–2456, 101 L.Ed.2d 352 (1988); *Delaney v. University of Houston*, 835 **S.W**.2d 56, 59–61 (Tex.1992); **Young** *v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex.1990)

Although a governmental unit is immune from claims arising out of intentional torts, where the focus of a party's claim is on the governmental unit's negligent conduct, not the intentional conduct of its employee, the claim will not be said to arise out of the intentional tort. *Young,* **787 S.W.**2d at **51**; *see also Wimberley v. Sloan,* 963 S.W.2d 556, 558 (Tex.App.—Eastland 1998, no pet.) (distinguishing negligence claim from intentional tort claim but basing holding on absence of nexus between use of tangible personal property and injury); *Holder v. Mellon Mortg. Co.,* 954 S.W.2d 786, 806 (Tex.App.—Houston [14th Dist.] 1997, pet. granted) (recognizing Texas Supreme Court's indication that actions for negligent employment and entrustment could provide basis for liability under TTCA)

IV.

County of Hidalgo and the City of Mission should have known about the employee's background which, if known, indicates a dangerous or untrustworthy character in Jonathan Trevino. Pre-employment background checks, employee drug testing, and employment physical exams are some of the ways negligent hiring claims can be avoided. Because he is the son of the Hidaldo County Sheriff both the City of mission and the County of Hidalgo are negligent in hiring, negligent in training, and negligent in failure to train Jonathan Trevino.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978), this United States Supreme Court held that municipalities are "persons" subject to damages liability under 1 of the Ku Klux Act of 1871, 42 U.S.C. 1983, for violations of that Act visited by municipal officials. The Court noted, however, that municipal liability could not be premised on the mere fact that the municipality employed the offending official. Instead, we held that municipal liability could only be imposed for injuries inflicted pursuant to government "policy or custom." Id., at 694. We noted at that time that we had "no occasion to address . . . the full contours of municipal immunity under 1983 . . .," id., at 695, and expressly left such development "to another day." Today we take a small but necessary step toward defining those contours.

V.

Plaintiff has been damaged by Defendant's negligent hiring, negligent training, and negligent failure to train Defendant Jonathan Trevino.

VI.

MOVANT MEETS THE REQUIREMENTS FOR INTERVENTION AS OF A PERMISSIVE INTERVENTION.

Rule 24 of the Federal Rules of Civil Procedure provides that, on a timely motion, the court "must permit anyone to intervene" who is "given an unconditional right to intervene by a federal statute." This motion is made just a few weeks after the complaint was filed. Movant will participate in this case on the same schedule as the current parties.

WHEREFORE Premises considered, Hector Rivera prays that:

1. A hearing take place on this Motion to Intervene
2. That the Court grant this Motion to Intervene
3. Hector Rivera prays that this Court recover damages consequential and exemplary damages.

Respectfully Submitted,

/s/Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774

## CERTIFICATE OF SERVICE

I certify that a true and correct copies were emailed to:

**Joseph A Connors, III**
Attorney at Law
P O Box 5838
McAllen, TX 78502-5838
956-687-8217
Fax: 956-687-8230
Email: connors@innocent.com

**James Patrick Grissom**
3008 N McColl Rd
Ste B
McAllen, TX 78501-6640
956-994-1127
Fax: 888-400-6407
Email: jpglawyer01@gmail.com

**Eileen M Leeds**
Guerra, Leeds, Sabo & Hernandez, PLLC
1534 E 6th Street
Ste 200
Brownsville, TX 78520
956-541-1846
Fax: 956-541-1893
Email: eleeds@guerraleeds.com

**Preston Edward Henrichson**
Attorney at Law
222 W Cano
Edinburg, TX 78539
956-383-3535
Fax: 956-383-3585
Email: preston@henrichsonlaw.com

On this the 16th day of July, 2013

/s/Richard Alamia