UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ | * | |
| MARIA GUADALUPE PEREZ | * | |
| PLAINTIFFS | * | CIVIL ACTION 7:13-CV-00261 |
| VS | * | |
| GUADALUPE "LUPE" TREVINO | * | |
| SHERIFF OF HIDALGO COUNTY, | * | |
| TEXAS, AND HIDALGO COUNTY, | | |
| TEXAS AND CITY OF MISSION, TEXAS | * | |

## SECOND AMENDED MOTION TO INTERVENE

For the reasons set forth below and in the accompanying Memorandum, Hector Rivera and

Johnny Earl Course hereby move to intervene in the above-captioned case as party-plaintiffs,

pursuant to Rule 24B of the Federal Rules of Civil Procedure (Permissive Intervention).

Movant relies on the accompanying memorandum of points and authorities to support this

Second amended motion.

/s/Richard Alamia
Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ | * | |
| MARIA GUADALUPE PEREZ | * | |
| PLAINTIFFS | * | CIVIL ACTION 7:13-CV-00261 |
| VS | * | |
| GUADALUPE "LUPE" TREVINO | * | |
| SHERIFF OF HIDALGO COUNTY, | * | |
| TEXAS, AND HIDALGO COUNTY, | | |
| TEXAS AND CITY OF MISSION, TEXAS * | | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIS SECOND AMNEDED MOTION TO INTERVENE

Hector Rivera and Johnny Earl Course submit memorandums of point and authorities in support

of their second amended motion, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to

intervene in this action.

I.

Hector Rivera Jr. on February 17th, 2010 was arrested for having a controlled substance

to wit cocaine in the house. While he was asleep in his home in Mission, Texas, police officer

Jonathan Trevino slapped my client four times on his face, in a very hard manner. Other officers

on the scene told Jonathan Trevino to stop slapping Movant. At this time Movant asked for his

medications because Movant suffers from seizures. Movant was ignored by Jonathan Trevino

and the rest of the Panama Unit. Mr. Trevino and others failed to give my client his medications.

Defendants acted this way because my client failed to cooperate with him, in giving him

information. Defendant Jonathan Trevino and the Panama Unit acted intentionally, knowingly

and reckless. The Defendant slapped Plaintiff causing bodily injury.

II.

On or about November 2011, Movant Johnny Earl Course was in his hotel room in Pharr, Texas,

when members of the Panama Unit knocked on his door seeking to find drugs which they

thought to be in the possession of Course. Jonathan Trevino and others, illegally searched Course' hotel room and it wasn't until they threatened his life, that Johnny Course took them to another room within the hotel where the marijuana was. They arrested Johnny Course and because of his arrest he plead guilty in the 92nd Judicial District Court and was given probation.

III.

## MOVANTS CIVIL RIGHTS CLAIM.

The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. §1983.

At all material times, Jonathan Trevino and the Panama Unit were acting under color of state law as an agent and employee of City of Mission and/or the County of Hidalgo. Defendants were wearing their official Police Department uniforms and or Hidalgo County Task Force uniforms, and were acting in the course and scope of their duties as a Mission Police Officer or Hidalgo

County Task Force Unit at the time they saw Rivera and Course.

IV.

## Movants Claim for Section 1983

1.  Violation of 42 U.S.C. § 1983 for Excessive Force (against Jonathan Trevino and the rest of the Panama Unit);

2.  Violation of 42 U.S.C. § 1983 for Unnecessary Infliction of Pain and Suffering (against Jonathan Trevino and the Panama Unit);

3.  Violation of 42 U.S.C. § 1983 for Failure to Intervene to Prevent the Use of Excessive Force or the Unnecessary Infliction of Pain and Suffering (against the City of Mission and the County of Hidalgo);

4. Violation of 42 U.S.C. § 1983 for Coercive Questioning and Conduct that Shocks the Conscience (against defendants Jonathan Trevino and the rest of the Panama Unit);

5. Conspiracy to Violate 42 U.S.C. § 1983 for Coercive Questioning and Conduct that Shocks the Conscience (against Jonathan Trevino and the rest of the Panama Unit);

6. Conspiracy to Violate 42 U.S.C. §1983 (against defendants Jonathan Trevino and the rest of the Panama Unit);

7. Common Law Assault and Battery (against defendants Jonathan Trevino and the rest of the Panama Unit);

8. Common Law Intentional or Negligent Infliction of Emotional Distress (against defendants Jonathan Trevino and the rest of the Panama Unit);

9. Violation of 42 U.S.C. § 1983 for Failure to Train, Supervise, and Have Adequate Policies (against City of Mission and the County of Hidalgo)

10. Common Law Negligent Supervision, Hiring, Training, Discipline, and Retention (against the City of Mission and the County of Hidalgo).

It is undisputed that the City is a governmental entity to which the doctrine of sovereign

immunity is applicable. When an affirmative defense like sovereign immunity is established, the

burden of raising a disputed fact issue shifts to the non-movant. *Ager v. Wichita General Hosp.,*

*977 S.W.2d 658, 660 (Tex.App.—Fort Worth 1998, no pet.); Brand v. Savage, 920 S.W.2d 672,*

*673 (Tex.App.—Houston [1st Dist.] 1995, no writ); Armendarez v. Tarrant County Hosp. Dist.,*

*781 S.W.2d 301, 303 (Tex.App.—Fort Worth 1989, writ denied).*

Both the United State Supreme Court and the Texas Supreme Court have drawn a distinction

between claims for negligent employment and negligent entrustment and the intentional acts of

an employee. *See Sheridan v. U.S., 487 U.S. 392, 108 S.Ct. 2449, 2454–2456, 101 L.Ed.2d 352*

*(1988); Delaney v. University of Houston, 835 S.W.2d 56, 59–61 (Tex.1992); Young v. City of*

*Dimmitt, 787 S.W.2d 50, 51 (Tex.1990).*

Although a governmental unit is immune from claims arising out of intentional torts, where the focus of a party's claim is on the governmental unit's negligent conduct, not the intentional conduct of its employee, the claim will not be said to arise out of the intentional tort. *Young, 787 S.W.2d at 51; see also Wimberley v. Sloan, 963 S.W.2d 556, 558 (Tex.App.—Eastland 1998, no pet.) (distinguishing negligence claim from intentional tort claim but basing holding on absence of nexus between use of tangible personal property and injury); Holder v. Mellon Mortg. Co., 954 S.W.2d 786, 806 (Tex.App.—Houston [14th Dist.] 1997, pet. granted) (recognizing Texas Supreme Court's indication that actions for negligent employment and entrustment could provide basis for liability under TTCA).*

V.

County of Hidalgo and the City of Mission should have known about the employee's background which, if known, indicates a dangerous or untrustworthy character in Jonathan Trevino and the rest of the Panama Unit. Pre- employment background checks, employee drug testing, and employment physical exams are some of the ways negligent hiring claims can be avoided. Because he is the son of the Hidalgo County Sheriff both the City of Mission and the County of Hidalgo are negligent in hiring, negligent in training, and negligent in failure to train Jonathan Trevino and the other Panama Unit officers.

*In Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978), this United States Supreme Court held that municipalities are "persons" subject to damages liability under 1 of the Ku Klux Act of 1871, 42 U.S.C. 1983, for violations of that Act visited by municipal officials. The Court noted, however, that municipal liability could not be premised on the mere fact that the municipality employed the offending official. Instead, we held that municipal liability could only be imposed for injuries inflicted pursuant to government "policy or custom." Id., at 694. We*

*noted at that time that we had "no occasion to address . . . the full contours of municipal immunity under 1983 . . .," id., at 695, and expressly left such development "to another day." Today we take a small but necessary step toward defining those contours.*

VI.

*SUPREME COURT HOLDS THAT WHEN LAW ENFORCEMENT OFFICERS ASSAULT AN INDIVIDUAL, THE UNITED STATES CAN BE SUED IF THE OFFICER ACTED "WITHIN THE SCOPE OF HIS OFFICE OR EMPLOYMENT" AND NOT ONLY WHEN THE OFFICER WAS ENGAGED IN A SEARCH OR SEIZURE*

On January 18, 2011, Mr. Millbrook filed suit against the United States under the *Federal Tort Claims Act, 28 U. S. C. §§1346(b), 2671–2680 ("FTCA")* in the United States District Court for the Middle District of Pennsylvania.

United States government can be sued under the FTCA for one of six intentional torts - "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" - when they are committed by a law enforcement officer. It was undisputed in this case that for the purposes of the FTCA, a law enforcement officer is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," and thus includes corrections officers and investigative officers in addition to traditional law enforcement officers.

The district court granted summary judgment to the United States in relation to Mr. Millbrook's claim, in part because it held that the FTCA only waives immunity when a law enforcement officer's alleged tortious actions occur during the course of executing a search, seizing evidence (but not a person), or making an arrest.

Mr. Millbrook appealed to the United States Court of Appeals for the Third Circuit, which

upheld the district court's granting of summary judgment. The Third Circuit's ruling was somewhat similar to a ruling by the United States Court of Appeals for the Ninth Circuit in *Orsay v. United States Dept. of Justice, 289 F. 3d 1125, 1136 (CA9 2002)* which held that immunity was waived with respect "only [to] those claims asserting that the tort occurred in the course of investigative or law enforcement activities." However, the ruling was in sharp contrast with a ruling by the United States court of Appeals for the Fourth Circuit in *Ignacio v. United States, 674 F. 3d 252, 256 (CA4 2012)*, holding that the law enforcement provisions of the FTCA "waives immunity whenever an investigative or law enforcement officer commits one of the specified intentional torts, regardless of whether the officer is engaged in investigative or law enforcement activity."

In a unanimous decision written by Justice Clarence Thomas, the Supreme Court of the United States ruled that under FTCA, the immunity of the United States is waived when the "acts or omissions" of an "investigative or law enforcement officer" "acting within the scope of his office or employment" commits one of the six intentional torts listed in the law enforcement provision. The Supreme Court found that the interpretations of the Third and Ninth Circuits placed restrictions on FTCA waivers which had no basis in the actual statute. As the Supreme Court explained, the text of the FTCA does not "provide any indication that the officer must be engaged in 'investigative or law enforcement activity'" in order to waive the immunity of the United States; instead the text of the FTCA only requires that an officer be "acting within the scope of his office or employment" in order to waive immunity. The Supreme Court went on to note that "[h]ad Congress intended to further narrow the scope of the proviso, Congress could have limited it to claims arising from 'acts or omissions of investigative or law enforcement officers acting in a law enforcement or investigative capacity.'"

Thus, the Supreme Court held that "that the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their

employment, regardless of whether the officers are engaged in investigative or law enforcement

activity, or are executing a search, seizing evidence, or making an arrest."

## VI.

## MOVANTS MEET THE REQUIREMENTS FOR INTERVENTION AS OF A PERMISSIVE INTERVENTION.

Rule 24 of the Federal Rules of Civil Procedure provides that, on a timely motion, the court

"must permit anyone to intervene" who is "given an unconditional right to intervene by a federal

statute." This motion is made just a few weeks after the complaint was filed. Movants will

participate in this case on the same schedule as the current parties. Permissive intervention is

appropriate when an applicant's timely claim or defense "shares a question of law or fact in

common with the underlying action and if the intervention will not unduly delay or prejudice the

rights of the original parties." *Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004) (citing*

*Fed. R. Civ. P. 24(b))*

## VII.

## MOTION TO INTERVENE IS TIMELY

In determining whether an intervention motion is timely, this Court should consider "'all

the circumstances, especially weighing the factors of time elapsed since the inception of the suit,

the purpose for which intervention is sought, the need for intervention as a means of preserving

the applicant's rights, and the probability of prejudice to those already parties in the case.'"

*United States v. British American Tobacco Australia Serv., 437 F.3d 1235, 1238 (D.C. Cir.*

*2006) (quoting United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1295 (D.C. Cir.*

*1980))*. Movants motion to intervene is timely because the present case is in its early

stages. Plaintiffs original complaint was filed on 05/28/13, and answers filed by the city of

Mission was filed on 06/19/2013 and by Hidalgo County on 06/25/2013. An amended plaintiffs

petition was filed on 06/28/2013 and a first amended answer was filed by Hidalgo County on

07/11/2013.

## VIII.

### Statement of opposition

Attorney, Preston Henrichson for the County of Hidalgo, opposes this Motion to Intervene.

## IX.

### Statement of non-opposition

The following counsels do not oppose this Motion to Intervene.

Attorney James Grissom and Joseph Connors for Plaintiffs Jose Perez, Maria Perez, and Patrick

Shumaker.

Attorney Eileen Leeds for the City of Mission.

### Prayer

WHEREFORE PREMISES CONSIDERED, Hector Rivera and Johnny Earl Course pray that:

1. A hearing take place on this Motion to Intervene
2. That the Court grant this Motion to Intervene
3. Hector Rivera and Johnny Course pray that this Court recover damages consequential and
exemplary damages.

Respectfully Submitted,
/s/Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774

## CERTIFICATE OF SERVICE

I certify that a true and correct copies were emailed to:

**Joseph A Connors , III** Attorney at Law
P O Box 5838
 McAllen, TX 78502-5838
 956-687-8217
Fax: 956-687-8230
Email: connors@innocent.com

**James Patrick Grissom**
3008 N McColl Rd Ste B
McAllen, TX 78501-6640
956-994-1127
Fax: 888-400-6407
Email: jpglawyer01@gmail.com

**Eileen M Leeds** Guerra,
Leeds, Sabo & Hernandez, PLLC
1534 E 6th Street Ste 200
Brownsville, TX 78520
956-541-1846
Fax: 956-541-1893
 Email: eleeds@guerraleeds.com

**Preston Edward Henrichson**
Attorney at Law
222 W Cano
Edinburg, TX 78539
956-383-3535
Fax: 956-383-3585
Email: preston@henrichsonlaw.com

On this the 25th day of July, 2013

/s/Richard Alamia

## CERTIFICATE OF CONFERENCE

I certify that I contacted each attorney in this suit.

John Grissom thru email is unopposed.

Joe Connors thru email takes no position and leaves it up to co-counsel John Grissom

Preston Henrichson by telephone is opposed

Eileen Leeds by telephone is unopposed


/s/Richard Alamia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JOSE G. PEREZ                              *
MARIA GUADALUPE PEREZ                       *
PLAINTIFFS                                  *     CIVIL ACTION 7:13-CV-00261
VS                                          *
GUADALUPE "LUPE" TREVINO                    *
SHERIFF OF HIDALGO COUNTY,                  *
TEXAS, AND HIDALGO COUNTY,
TEXAS AND CITY OF MISSION, TEXAS *

## ORDER SETTING HEARING ON MOVANTS MOTION TO INTERVENE

It is hereby ORDERED by the Court that a hearing on Movants Motion to Intervene is hereby set

for hearing on the_____ day of _____, 2013 at o'clock in this Honorable Court.

Signed for entry on this _____ day of _____, 2013.

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JOSE G. PEREZ                              *
MARIA GUADALUPE PEREZ                      *
PLAINTIFFS                                 *        CIVIL ACTION 7:13-CV-00261
VS                                         *
GUADALUPE "LUPE" TREVINO                   *
SHERIFF OF HIDALGO COUNTY,                 *
TEXAS, AND HIDALGO COUNTY,
TEXAS AND CITY OF MISSION, TEXAS *

## ORDER GRANTING MOVANTS MOTION TO INTERVENE AS PLAINTIFFS

On the _____ day of _____, 2013, came on to be considered Movants Motion to

Intervene as Plaintiffs.

The Court, after considering said motion, is of the opinion that such should be GRANTED.

IT IS THEREFORE ORDERED that Movants Motion to Intervene as Plaintiffs is hereby

GRANTED.

Signed for entry on this _____ day of _____, 2013.


                                        _____
                                        United States District Judge