IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE PEREZ AND MARIA | * | |
| GUADALUPE PEREZ AND | * | |
| PATRICK L.T SHUMAKER | * | |
| | | |
| V | * | CIVIL ACTION 7:13-CV-00261 |
| | | |
| GUADALUPE LUPE TREVINO | * | |
| SHERIFF OF HIDALGO COUNTY, | * | |
| TEXAS, AND HIDALGO COUNTY, | | |
| TEXAS AND THE CITY OF MISSION, | | |
| TEXAS | | |

<u>MOVANTS RESPONSE TO DEFENDANTS "LUPE" TREVINO, SHERIFF OF HIDALGO
COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS RESPONSE TO AMENDED
MOTION TO INTERVENE OF HECTOR RIVERA AND JOHNNY COURSE</u>

TO THE HONORABLE JUDGE OF SAID COURT;

NOW COMES HECTOR RIVERA AND JOHNNY COURSE as Movants in the above entitled

and numbered cause and files this, their Response to Defendant's Lupe Trevino, Sheriff of

Hidalgo County, Texas and the County of Hidalgo response to our amended motion to intervene

and in support of same, would show the Court as follows:

I.

One of the arguments from Defendant's counsel is The Doctrines of *Res Judicata* and Collateral

Estoppel.

II.

***Res Judicata***

A.      *If judgment is rendered in favor of a plaintiff in a particular suit, the plaintiff is*

*precluded from raising claims (in any future litigation) which were raised in (or could have been*

*raised) in that lawsuit.*

B.       *Elements: Before a court will apply the doctrine of res judicata to a claim, three*

*elements must be satisfied:*

1.   *There must have been prior litigation in which identical claims were raised (or could have been*

     *raised). In general, claims are sufficiently identical if they are found to share a "common*

     *nucleus of operative fact."*

2.   *The parties in the second litigation must be identical in some manner to the parties in the*

     *original litigation, or be in privity with the parties in the first action.*

3.   *There must have been a final judgment on the merits in the original litigation.*

The case filed in State Court was never litigated on the merits by the Court or by Jury.

The amended petition was filed and the City of Mission and the County of Hidalgo filed their

motion to dismiss based on sovereign immunity. Remember, this petition was filed way before

any of the Panama Unit Officers made national news and the corruption being done within the

City of Mission and in the County of Hidalgo. The Motion to Dismiss was granted. There was no

hearing on the merits. The suits in the State case and the motion to intervene are not identical.

The amended motion to intervene is claiming:

1.  Violation of 42 U.S.C. 1983 for Excessive Force.
2.  Violation of 42 U.S.C 1983 for Unnecessary Infliction of Pain and Suffering
3.  Violation of 42 U.S.C 1983 for Failure to Intervene to Prevent the Use of Excessive Force of the Unnecessary Infliction of Pain and Suffering.
4.  Violation of 42 U.S.C. 1983 for Coercive Questioning and Conduct that Shocks the Conscience.
5.  Conspiracy to Violate 42 U.S.C 1983 for Coercive Questioning and Conduct that Shocks the Conscience.
6.  Conspiracy to Violate 42 U.S.C 1983
7.  Common Law Assault and Battery
8.  Common Law Intentional or Negligent Infliction of Emotional Distress
9.  Violation of 42 U.S.C 1983 for Failure to Train, Supervise, and Have Adequate Policies.
10. Common Law Negligent Supervision, Hiring, Training, Discipline, and Retention.

III.

## Collateral Estoppel

A.     *If an issue has been decided in a particular case, it is treated as decided—without further proof—in any subsequent litigation that involves the issue. In other words, a person or party who seeks to relitigate any already decided issue is collaterally stopped from doing so.*

B.     *Elements: Before a court will apply the doctrine of collateral estoppel, three elements must be satisfied:*

1. *There must have been a prior litigation in which the identical issue was brought before the court.*

2. *The issue must have been actually litigated in the first judicial proceeding, and the party against whom collateral estoppel is being asserted must have had a full and fair opportunity to litigate the issue in the first judicial proceeding.*

3. *The issue must necessarily have been decided and rendered as a necessary part of the court's final judgment.*

Again, the case filed in State Court was never litigated on the merits, instead it was dismissed based on immunity.

The amended petition was filed and the City of Mission and the County of Hidalgo filed their motion to dismiss based on sovereign immunity.

The suits in the State case and the motion to intervene are not identical. The amended motion to intervene is claiming:

1. Violation of 42 U.S.C. 1983 for Excessive Force.
2. Violation of 42 U.S.C 1983 for Unnecessary Infliction of Pain and Suffering
3. Violation of 42 U.S.C 1983 for Failure to Intervene to Prevent the Use of Excessive Force of the Unnecessary Infliction of Pain and Suffering.
4. Violation of 42 U.S.C. 1983 for Coercive Questioning and Conduct that Shocks the Conscience.
5. Conspiracy to Violate 42 U.S.C 1983 for Coercive Questioning and Conduct that Shocks the Conscience.
6. Conspiracy to Violate 42 U.S.C 1983

7.   Common Law Assault and Battery
8.   Common Law Intentional or Negligent Infliction of Emotional Distress
9.   Violation of 42 U.S.C 1983 for Failure to Train, Supervise, and Have Adequate Policies.
10.  Common Law Negligent Supervision, Hiring, Training, Discipline, and Retention.

IV.

Counsel for Defendant Lupe Trevino and the County of Hidalgo say that the Motion to Intervene
and the reasons behind the motion are not the same as the lawsuit filed in this Court. They are
exactly identical.

In July 2012, Jose Perez and his wife, Maria Guadalupe Perez were sitting in their home when 6
armed men burst into their home demanding drugs. This is exactly what happened to Movant,
Hector Rivera.

On July 28th 2011 Patrick Shumaker was resting peacefully in his motel room at the Travel
Lodge and was rousted by members of the Panama Unit seeking to find drugs which they
thought to be in the possession of Shumaker. This is exactly what happened to Johnny Course.

V.

**Statute of Limitation**

Defense Counsel is claiming the statute of limitations ran, which is untrue.

1.   In State Court, Plaintiff's Amended Original Petition was filed on April 5th, 2012.
2.   Order of Dismissal was signed on May 4th, 2012.


The Civil Rights Acts does not contain a statute of limitations for section 1983 actions.


/s/Richard Alamia
Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774

Attachments

1.  Plaintiff's Amended Original Petition filed in State Court.
2.  Order Granting Defendants Motion to Dismiss
3.  Plaintiff's First Amended Original Complaint 7:13-cv-00261
4.  Docket Sheet from Original Petition filed in State Court.


/s/Richard Alamia

Certificate of Service

I certify that a true and correct copy of Movants response to Defendants Response to Movants amended motion to intervene was emailed to:

**Joseph A Connors , III**
Attorney at Law
P O Box 5838
McAllen, TX 78502-5838
956-687-8217
Fax: 956-687-8230
Email: connors@innocent.com

**James Patrick Grissom**
3008 N McColl Rd
Ste B
McAllen, TX 78501-6640
956-994-1127
Fax: 888-400-6407
Email: jpglawyer01@gmail.com

**Eileen M Leeds**
Guerra, Leeds, Sabo & Hernandez, PLLC
1534 E 6th Street
Ste 200
Brownsville, TX 78520
956-541-1846
Fax: 956-541-1893
Email: eleeds@guerraleeds.com

**Preston Edward Henrichson**
Attorney at Law
222 W Cano
Edinburg, TX 78539
956-383-3535
Fax: 956-383-3585
Email: preston@henrichsonlaw.com

**Marissa Carranza Hernandez**
Marissa Anna Carranza Hernandez, Attorney at Law, PLLC
205 East Mahl Street
Edinburg, TX 78539
956-386-9733
Fax: 956-386-9882
Email: marissa@machattorney.com

On this the 2nd day of August 2013.

/s/Richard Alamia

CAUSE NO. CL-12-0522-G

```
FILED
AT_____ O'CLOCK _____ M
          APR 0 5 2012
ARTURO GLAMRDO JR., COUNTY CLERK
COUNTY COURT AT LAW NO._____ OF HIDALGO CO.
BY_____ DEPUTY
```

| | | |
|---|---|---|
| HECTORT RIVERA JR | * | IN THE COUNTY COURT |
| VS | * | |
| JONATHAN TREVINO | * | |
| INDIVIDUALLY AND AS | * | AT LAW NUMBER 7 |
| POLICE OFFICER FOR THE | * | |
| CITY OF MISSION AND AS | * | |
| OFFICER OF HIDALGO | * | |
| COUNTY JOINT NARCOTIC | * | |
| TASK FORCE | * | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

NOW COMES Plaintiff Hector Rivera Jr. residing at ████████ Palmview, Hidalgo

County Texas. Complaining of the County of Hidalgo, the City of Mission, and Jonathan

Trevino's negligent hiring, negligent training, negligent failure to train, negligent supervision,

negligent retention, and assault and battery.

Defendant Jonathan Trevino may be served at 1201 E. 8th St. Mission, Texas 78572. Defendant

City of Mission and the County of Hidalgo are political subdivisions of Texas Process and may

be served on defendants by serving Ramon Garcia, Hidalgo County Judge at 1615 S. Closner

Suite J Edinburg, TX. 78539 and Mayor of Mission Texas, Norberto Salinas and he may be

served at 1201 E. 8th Street Mission, TX. 78572

II.

Plaintiff Hector Rivera Jr. on February 17th, 2010 was arrested for having a controlled substance

to wit cocaine in the house. While he was asleep, police officer Jonathan Trevino slapped my

client four times on his face, in a very hard manner. Other officers on the scene told Jonathan

Trevino to stop slapping Plaintiff At this time Plaintiff asked for his medications because

Plaintiff suffers from seizures. Plaintiff was ignored by Jonathan Trevino and Mr. Trevino failed

to give my client his medications Defendant acted this way because my client failed to cooperate

with him, in giving him information. Defendant Jonathan Trevino acted intentionally, knowingly

and reckless. The Defendant slapped Plaintiff causing bodily injury.

EXHIBIT A

III.

Police agencies have an obligation to train its police officers for the recurring tasks those officers will face during their career. Where it is foreseeable that a police officer will face a particular task that may result in harm to another person, the officer's agency must provide training in how to conduct that task in a manner which is consistent with generally accepted practices in law enforcement  What is "generally accepted" is defined by the law enforcement profession and by court decisions analyzing police conduct.

Training serves as a means toward high-level performance by police officers. Training is an input toward proper performance. The County of Hidalgo, and the City of Mission are negligent in not properly supervising its employees, not properly training them in the use of appropriate force and not properly adopting protocols on the appropriate use of force while conducting an investigation and arrest.

IV.

Defendant Jonathan Trevino acted intentionally and recklessly by assaulting Plaintiff. Plaintiff suffered emotional distress that was severe since Plaintiff suffers from seizures. Defendants actions, along with the County of Hidalgo and the City of Mission acted negligent in hiring, are negligent in training, negligent in failure to train, negligent in supervision, negligent retention, and assault and battery.

V.

Plaintiff has been damaged and Defendants conduct and actions was the proximate cause of Plaintiff's injuries. Damages are in excess of the minimum jurisdictional limits of the Court.

WHEREFROME PREMISES CONSIDERED Plaintiff prays that:

1.  Defendants be served

EXHIBIT A

2. Plaintiff recover damages consequential and exemplary damages.
3. Court cost

_Richard Alamia_

Richard Alamia

Preston Henrichson
222 W. Cano
Edinburg, TX 78539
956-383-3535
956-3833585

Willette & Guerra
10213 N. 10th St
McAllen, TX. 78520
956-383-4300
956-383-4304

EXHIBIT A

CAUSE NO. CL-12-0522-G

| | | |
|---|---|---|
| HECTOR RIVERA, JR., | § | IN THE COUNTY COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | AT LAW NO. 7 |
| | § | |
| | § | |
| JONATHAN TREVINO, INDIVIDUALLY | § | |
| AND AS POLICE OFFICER FOR THE | § | |
| CITY OF MISSION AND AS OFFICER OF | § | |
| HIDALGO COUNTY JOINT NARCOTIC | § | |
| TASK FORCE, | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

[Filed stamp: AT 2:21 FILED MAY 0 8 2012 ARTURO GUAJARDO, JR. COUNTY CLERK COUNTY COURT AT LAW NO. OF HIDALGO CO. BY _____ DEPUTY]

## ORDER GRANTING DEFENDANT HIDALGO COUNTY'S MOTION TO DISMISS

After considering *Defendant Hidalgo County's First Amended Motion to Dismiss*, the response, the evidence on file, and arguments of counsel, the court

GRANTS the motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Hidalgo County's First Amended Motion to Dismiss be, and hereby is GRANTED. Accordingly, Plaintiff's claims against Defendant Hidalgo County are hereby DISMISSED with prejudice to refiling.

All relief not granted herein is hereby denied.

SO ORDERED this 4ᵗʰ day of _May_, 2012.

_____
JUDGE PRESIDING

Send copies to:

Preston Henrichson, LAW OFFICES OF PRESTON HENRICHSON, P.C., 222 W. Cano, Edinburg, TX 78539
**Fax: 383-3585**
Richard R. Alamia, ATTORNEY AT LAW, 113 S. 10ᵗʰ, Edinburg, TX 78539
**Fax: 381-5774**
Ysmael D. Fonseca, WILLETTE & GUERRA, L.L.P., 10213 North 10ᵗʰ Street, McAllen, TX 78504
**Fax: 383-4304**

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **JOSE G. PEREZ, MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER** | § § § § | |
| **Plaintiffs,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 13-261** |
| **GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS AND CITY OF MISSION, TEXAS** **Defendants.** | § § § § § | **JURY DEMANDED** |

### PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** JOSE G. PEREZ , MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, hereinafter called Plaintiffs, complaining of and about GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, HIDALGO COUNTY, TEXAS and CITY OF MISSION, TEXAS, hereinafter called Defendants, and for cause of action show unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, JOSE G. PEREZ , MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, are individuals residing within Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen, Division .

3.      Defendant GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, an Individual who is a resident of Texas, has appeared and answered

in this case and may be served with a copy of this amended complaint by serving his attorney, Hon. Preston Henrichson who will be served a copy of this pleading by email according to the Certificate of Service hereinafter.

6.      Defendant HIDALGO COUNTY, TEXAS, a a local governmental entity,  has appeared and answered in this case and may be served with process by serving its attorney, Hon. Preston Henrichson who will be served a copy of this pleading by email according to the Certificate of Service hereinafter.

7.      Defendant CITY OF MISSION, TEXAS, a municipal corporation,   has appeared and answered in this case and may be served with process by serving its attorney, Hon. Eileen Leeds, who will be served a copy of this pleading by email according to the Certificate of Service hereinafter.

## JURISDICTION AND VENUE

8.      The subject matter in controversy raises a question of federal law and is within the jurisdiction of this court pursuant to the provisions  of 28 USC §§1331 and 1343, and Plaintiffs are seeking recovery of damages in excess of $75,000.00

9.      This court has jurisdiction over the parties because Defendants reside within the area of Texas served by the McAllen Division, Southern District of Texas.

## FACTS

10.      In July 2102, Jose G. Perez and his wife, Maria Guadalupe Perez, ("Plaintiffs") were sitting in their home when 6 armed men burst into their home demanding drugs. These invaders were agents and officers of the Panama Unit of the Hidalgo County Sheriff's Department and officers of the Mission Police Department. These intruders proceeded to ransack the furniture and broke open cabinets searching for their illegal prize

11.     When the intruders found nothing in the home of Plaintiffs, they forced the elderly couple into an unmarked SUV, and told Jose G. Perez to "call someone that sells drugs or else". The driver threatened Perez that "if he didn't call someone right away, [he] was going to take him somewhere, and you know what I mean".

12.     Jose G. Perez got on his cell phone and started dialing, and located someone who agreed to meet the invaders at Matt's Cash & Carry in Pharr, Texas.  Soon thereafter, a car pulled up and opened his trunk to reveal 2 kilos of cocaine worth approximately $50,000.00

13.     The invaders released Plaintiffs and told them not to use their cell phones or look back. Mission Police records later revealed that the arrest and confiscation of the 2 kilos of cocaine was reported to be less than one-half the amount of cocaine seized.

14.     On July 28, 2011, Plaintiff PATRICK T.L. SHUMAKER (hereinafter "SHUMAKER" was resting peacefully in his motel room at the Travel Lodge Motel in Pharr, TX was rousted by members of the Panama Unit seeking to find drugs which they thought to be in the possession of SHUMAKER. Brandishing a fake search warrant allegedly signed by an unidentified judicial official, Jonathan Treviño and Gerardo Mendoza, illegally searched SHUMAKER's vehicle and motel room. In addition to terrorizing SHUMAKER, Treviño and Mendoza and other members of the Panama Unit illegally restrained SHUMAKER, took him to Mission P.D. where he was jailed overnight and finally discharged without any charges being filed against him.

## PLAINTIFFS' CLAIMS FOR SECTION 1983

15.     This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to

Plaintiffs by the Fourteenth Amendment to the Constitution of the United States (R.S. 1979, 42 USC  1983, and arising under the law and statutes of the State of Texas.

16.   At all times mentioned herein Defendant City of Mision was a municipal corporation of the State of Texas, and was the employer of participants in the Panama Unit. The City of Mission provided the participants in the Panama Unit with an official badge and identification card which designated and described its bearer as a police officer of the said city's police department. The City of Mission is the municipal corporation in whose name the particpants in the Panama Unit performed all acts and omissions alleged herein.

17.   At all times mentioned herein, Defendant Guadalupe "Lupe" Treviño, was the duly elected Sheriff of Hidalgo County, Texas in charge of the deputies who were the participants in the Panama Unit. The illegal activities of the Panama Unit was known to the Sheriff, and not only did he fail to intercede and curtail these illegal activities, as required by his oath of office, but he actively supported the illegal efforts of the Panama Unit.

18.   At all times mentioned herein Defendant Hidalgo County was a political subdivision of the State of Texas and was the employer of the participants in the Panama Unit. Hidalgo County provided the participants in the Panama Unit with an official badge and identification card which designated and described its bearer as a deputy sheriff of Hidalgo County, and the participants in the Panama Unit performed all acts and omissions alleged herein under the auspices  of Hidalgo County.

19.   During all times mentioned herein, the Sheriff Guadalupe "Lupe" Treviño by and through his trusted subordinates, and the participants of the Panama Unit, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes,

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**                                              page 4

ordinances, regulations, customs and usages of the State of Texas and the County of Hidalgo and the City of Mission. Each of the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of each of the Plaintiffs and deprived each of the Plaintiffs of the rights, privileges, and immunities secured to plaintiff[s] by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

20.    The Mission Police Department and its individual members, who are agents and employees of Defendants as well as the Hidaglo County Sheriff's Office, together with persons unknown to Plaintiffs, acting under color of law, have subjected Plaintiffs and other persons to a pattern of conduct consisting of conspiracy to kidnap each of the Plaintiffs, kidnapping, burglary of a habitation, and robbery, in denial of rights, privileges, and immunities guaranteed plaintiffs and other citizens by the Constitution of the United States.

21.    Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, the City of Mission and Hidalgo County, took no steps or efforts to order a halt to this course of conduct, to make redress to these Plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents, and Defendants have in fact praised and commended their police officers and deputies, such praise having the effect of encouraging their agents and employees to continue this pattern of conduct.

22.    Each of the Defendants, separately and in concert, acted outside the scope of its jurisdiction and without authorization of law and Sheriff Guadalupe "Lupe" Treviño, separately and in concert, acted wilfully, knowingly, and purposefully with the specific

intent to deprive Plaintiffs of their rights secured to Plaintiffs by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Sections 1983.

23.     Further, when interviewed by local news reporters, Sheriff Guadalupe "Lupe" Treviño referred to Plaintiff Jose G. Perez as a "small-time drug dealer", when Treviño, knew or should have known by reasonable investigation, that Perez had no criminal record. Treviño's malicious and untruthful statement has caused Perez great embarrassment and mental anguish. Accordingly, Plaintiff Jose G. Perez is seeking compensation according to law for the slanderous statements of Sheriff Guadalupe "Lupe" Treviño.

## DAMAGES

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, JOSE G. PEREZ , MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, Plaintiffs, were caused to suffer extreme emotional trauma, and to incur the following damages:

A.     Mental anguish in the past; and

B.     Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, JOSE G. PEREZ , MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-

judgment interest at the maximum rate allowed by law; post-judgment interest at the legal

rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled

at law or in equity.

Respectfully submitted,

By: _____
James P. Grissom
Lead Counsel
Texas Bar No. 08511900
1111 W. Nolana Avenue
McAllen, Texas  78504-3747
Tel. (956) 994-1127
Fax. (888) 400-6407

Joseph A. Connors III
Co-Counsel
Texas Bar No. 04705400
605 East Violet #3
McAllen, TX 78504
Tel. (956) 687-8217

Attorneys for Plaintiffs
JOSE G. PEREZ

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**                                              page 7

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of this pleading was served upon all counsel of record listed below via the USDC ECF system and the transmission was reported as complete.

Mr. Preston Henrichson
Texas Bar No. 09477000
Federal I.D. # 1922
LAW OFFICES OF PRESTON
HENRICHSON, P.C.
Edinburg, TX 78539
Telephone: (956) 383-3535
Facsimile:  (956) 383-3585
ATTORNEY IN CHARGE FOR
HIDALGO COUNTY

Ms. Eileen Leeds
Attorney in Charge
State Bar No. 00791093
USDC Adm. No. 16799

Jose Luis Caso
State Bar No. 24065018
USDC No. 1570664
*Of Counsel*

Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile:   (956) 541-1893
*Of Counsel*
ATTORNEY FOR DEFENDANT
CITY OF MISSION


_____
JAMES P. GRISSOM

| All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger



Civil Docket; Case CL-12-0522-G 484274; Civil
HECTOR RIVERA JR vs. JONATHAN TREVINO INDIVIDUALLY AND AS POLICE OFFICER FOR THE CITY OF MISSION OF HIDALGO COUNTY JOINT NARCOTIC TASK FORCE
Filed 02/13/2012 - Disposition: 03/29/2012 Disposed
County Court at Law #7, County Clerk, Hidalgo County, Texas

[Help]

View Document Images

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 02/13/2012 | Plaintiff's Original Petition (OCA) PLAINTIFF'S ORIGINAL PETITION (POP) | | " | .00 |
| | Citation Issued (Fee) CL-12-0522-G 02/13/2012 CITATION ISSUED JONATHAN TREVINO PICKED UP BY: FRANK PRADO 2/13 CITATION ISSUED (CI TISS) | | " | .00 |
| | Citation Issued (Fee) CL-12-0522-G 02/13/2012 CITATION ISSUED CITY OF MISSION & COUNTY OF HI DALGO, JUDGE RAMON GARCIA/ PICKED UP S AME DAY BY FRANK PRADO CITATION ISSUE D (CITISS) | | " | .00 |
| | Citation Issued (Fee) CL-12-0522-G 02/13/2012 CITATION ISSUED CITY OF MISSION, MAYOR NORBERT O SALINAS/ PICKED UP SAME DAY BY FRANK PRADO CITATION ISSUED (CITISS) | | " | .00 |
| 02/14/2012 | Citation Returned Served CL-12-0522-G 02/14/2012 CITATION RETURNED SE CITY OF MISSION AND COUNT Y RAMON GARCIA/ SERVED 2.14.12 CITATI ON RETURNED SERVED (CRS) | | " | .00 |
| | Citation Returned Served CL-12-0522-G 02/14/2012 CITATION RETURNED SE JONATHAN TREVINO 2.13.12 CITATION RETURNED SERVED (CRS) | | " | .00 |
| | Citation Returned Served CL-12-0522-G 02/14/2012 CITATION RETURNED SE CITY OF MISSION CITATION RETURNED SERVED (CRS) | | " | .00 |
| 03/05/2012 | Defendants Original Answer CL-12-0522-G 03/05/2012 DEFENDAN T'S ORIGINAL DEF JONATHAN TREVINO, IND IVIDUALLY AND AS POLICE OFFICER FOR TH E CITY OF MISSION, AND CITY OF MISSION 'S ORIGINAL ANSWER DEFENDANT'S ORIGIN AL ANSWER (NISI.DOA) | | " | .00 |

| Date | Description | | Amount |
|------|-------------|---|--------|
| 03/07/2012 | Defendants Original Answer CL-12-0522-G 03/07/2012 DEFENDAN T'S ORIGINAL DEF HIDALGO COUNTY'S ORIG INAL ANSWER AND PLEA TO THE JURISDICTI ON DEFENDANT'S ORIGINAL ANSWER (NISI. DOA) | " | .00 |
| 03/08/2012 | Jury Demand CL-12-0522-G 03/08/2012 JURY DEM AND DEFS JURY DEMAND JURY DEMAND (JUR Y) | " | .00 |
| 03/13/2012 | Motion CL-12-0522-G 03/13/2012 MOTION D EF JONATHAN TREVINO, INDIVIDUALLY AND AS POLICE OFFICER FOR THE CITY OF MISS ION, AND CITY OF MISSION'S MOTION TO D ISMISS/ORDER MOTION (MOT) | " | .00 |
| 03/14/2012 | Motion to Dismiss CL-12-0522-G 03/14/2012 MOTION T O DISMISS DEF HIDALGO CO'S MOTION TO D ISMISS, ORDER ATTACHED MOTION TO DISM ISS (MOTD) | " | .00 |
| 03/20/2012 | File Checked Out FILE CHECKED OUT (FCO) | " | .00 |
| 03/29/2012 | Disposition ($DISP) | " | .00 |
| | Order of Severance, Signed CL-12-0522-G 03/29/2012 ORDER OF SEVERANCE, DISMISSAL HR 4.26.2012; NO T SENT TO YSMAEL FONSECA, RICHARED ALA MIA, PRESTON HENRICHSON ORDER OF SEVE RANCE, SIGNED (OSS) | " | .00 |
| | File Checked In FILE CHECKED IN (FCI) | " | .00 |
| 04/05/2012 | Amended PLAINTIFF'S AMENDED ORIGINAL PETITION | " | .00 |
| 04/10/2012 | Answer PLAINTIFF'S ANSER TO DEFENDANT HIDALGO COUNTY'S ORIGINAL ANSWER AND PLEA TO THE JURISDICTION/recvd at wrhs on 4-13 -12 | " | .00 |
| 04/24/2012 | File Checked Out | " | .00 |
| 04/25/2012 | File Checked In | " | .00 |
| | Order Setting Hearing, Signed on def mot to dismiss set 5-3-12 8:30a m | " | .00 |
| 04/26/2012 | Court Entries Dismissal granted , order to be submit ted for signature | " | .00 |
| | Order Received ORDER GRANTINF DEFENDANT JONATHAN TREV INO INDIVIDUALLY AND AS POLICE OFFICER FOR THE CITY OFMISSION AND C ITY OF M ISSION'S MOTION TO DISMISS | " | .00 |
| 04/30/2012 | File Checked Out | " | .00 |
| | First Amended DEFENDANT HIDALGO COUNTY'S FIRST AMEND ED MOTION TO DISMISS/OSH | " | .00 |
| | First Amended DEFENDANT HIDALGO COUNTY'S FIRST AMEND ED ANSWER AND PLEA TO THE JURISDICTION | " | .00 |
| 05/01/2012 | Order Received ORDER GRANTING DEFENDANT JONATHAN TREV INO, INDIVIDUALLY AND AS POLICE OFFICE R FOR THE CITY OF MISSION, AND CITY OF MISSION'S MOTION TO DISMISS | " | .00 |
| 05/02/2012 | Motion to Dismiss signed | " | .00 |
| | File Checked In | " | .00 |
| 05/03/2012 | File Checked Out | " | .00 |
| | Second Amended PLAINTIFF'S SECOND AMENDED PETITION & REQUEST FOR DISCLOSURE | " | .00 |
| 05/04/2012 | Order Granting Motion of Dismissal, Si gned | " | .00 |
| | Order, Signed ORDER GRANTING DEFENDANT JONATHAN | | |

| | | | |
|---|---|---|---|
| | TREV INO , INDIVIDUALLY AND AS POLICE OFFIC ER FOR THE CITY OF MISSION, AND CITY O F MISSION'S MOTION TO DISMISS | " | .00 |
| 05/07/2012 | Findings of Fact and Conclusions of La w REQUEST FOR FINDINGS OF FACT AND CONCL USIONS OF LAW | " | .00 |
| 05/08/2012 | File Checked In | " | .00 |
| 05/10/2012 | File Checked Out | " | .00 |
| 05/15/2012 | Copies Mailed to Attorney(s) YSMAEL D. FONSECA/RICHARD R. ALAMIA/PR ESTON E. HENRICHSON | " | .00 |
| | Copies Mailed to Attorney(s) YSAMEL D. FONSECA/RICHARD ALAMIA/PREST ON E. HENRICHSON | " | .00 |
| 05/17/2012 | File Checked In | " | .00 |
| 05/22/2012 | Motion PLAINTFF'S MOTION FOR A NEW TRIAL/OSH | " | .00 |
| 05/24/2012 | File Checked Out | " | .00 |
| 05/25/2012 | Order Setting Hearing, Signed mtn for new trial 6.18.2012; not faxed to richard alamia, preston henrichson , willette and guerra | " | .00 |
| | File Checked In | " | .00 |
| 06/06/2012 | Motion for New Trial DEFENDANT CITY OF MISSION'S RESPONSE T O PLAINTIFF;S MOTION FOR NEW TRIAL/ OS H | " | .00 |
| 06/08/2012 | Motion DEFENDANT HIDALGO COUTNY'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL /OSH | " | .00 |
| 06/12/2012 | File Checked Out | " | .00 |
| 06/13/2012 | Court Entries order setting hr needs to be submitted for motion for new trial | " | .00 |
| 06/14/2012 | File Checked In | " | .00 |
| 06/18/2012 | Court Entries mtn for new trial denied | " | .00 |
| | Order, Signed ORDER DENYING PLAINTIFF'S MOTION FOR N EW TRIAL | " | .00 |
| | Order, Signed ORDER DENYING PLAINTIFF'S MOTON FOR NE W TRIAL | " | .00 |
| 06/19/2012 | File Checked In | " | .00 |
| 06/26/2012 | Notice of Appeal | " | .00 |
| 07/03/2012 | Designation of Clerk's Record /recvd at wrhs on 7-11-12 | " | .00 |
| 07/06/2012 | Clerk's Entry APPEAL COMPLETED/ WILL BE WALKED ON 6. 13.12/recvd at wrhs on 7-19-12 | " | .00 |
| 07/17/2012 | Bill of Cost | " | .00 |
| | Fax FAXED BILL OF COSTS TO RICHARD R. ALAM IA | " | .00 |
| 07/19/2012 | Letter Received THIRTEENTH COURT OF APPEALS/recvd at w rhs on 7-20-12 | " | .00 |
| | First Amended FIRST AMENDED NOTICE OF APPEAL/recvd a t wrhs on 7-20-12 | " | .00 |
| 08/23/2012 | Bill of Cost RECV'D AT WRHS 8.24.12 | " | .00 |
| | Supplemental SUPPLEMENTAL CLERK'S RECORD APPELLANT COURT CAUSE NO. 13-12-443-CV recv'd at wrhs 8.27.12 | " | .00 |
| 08/30/2012 | Letter Received THIRTEENTH COURT OF APPEALS recv'd at wrhs 8.31.12 | " | .00 |
| 09/07/2012 | Letter Received THIRTEENTH COURT OF APPEALS / | " | .00 |

| | MEMORAND UM recv'd at wrhs 9.17.12 | | | | |
|---|---|---|---|---|---|
| 11/15/2012 | Letter Received 13TH COURT OF APPEALS/ MANDATE/recv'd at wrhs on 11-19-12 | | | " | .00 |

Search | Case History | Parties | Attorneys | Links | Services          [ Site Map ] | [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.                    User ID: rick2188
Unauthorized access is prohibited. Usage will be monitored.          Viewed as of: **August 2, 2013, time: 12:32:40**
Agreements