IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ and MARIA GUADALUPE PEREZ and PATRICK L.T. SHUMAKER, <br>     Plaintiffs <br><br> V. <br><br> GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS AND CITY OF MISSION, TEXAS, <br>     Defendants | § § § § § § § § § § § § § § § | CIVIL ACTION NO. M-13-CV-261 |

### SUR-REPLY OF DEFENDANTS GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS TO INTERVENORS' REPLY TO DEFENDANTS' RESPONSE TO AMENDED/SECOND AMENDED MOTION TO INTERVENE OF HECTOR RIVERA AND JOHNNY EARL COURSE

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COME GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS, Defendants ("Hidalgo County Defendants") in the above-entitled and numbered cause and file this, their Sur-Reply to Intervenors' Reply to these Defendants' Response to the Second Amended Motion to Intervene filed by Hector Rivera ("Rivera") and Johnny Earl Course ("Course"), together referred to herein as "Intervenors", and in support of same, would show the Court as follows:

## 1.0 BACKGROUND

1.1 In their Reply to Hidalgo County Defendants' Response to their Second Amended Motion to Intervene, Intervenors argue that the doctrine of *res judicata* is inapplicable to Hector Rivera's current attempt to relitigate his prior state court claims, because his state lawsuit was dismissed based on sovereign immunity and this does not constitute a judgment on the merits. Intervenors further argue that Rivera is now asserting claims brought under 42 U.S.C. § 1983, which render his new claims not sufficiently identical to constitute *res judicata*.

1.2 Additionally, Intervenors erroneously attempt to assert that there is no statute of limitations applicable to Intervenors' § 1983 claims, because the federal statute provides for none.

1.3 Intervenors are mistaken in their contentions.

## 2.0 ARGUMENT AND AUTHORITIES

2.1 Hidalgo County Defendants reassert and reaver the facts, arguments and authorities incorporated in their Response to Intervenors' Second Amended Motion to Intervene (Dkt. #23) and exhibits thereto and adopt same as if fully set out herein.

2.2 **Res Judicata**. Contrary to Intervenor Hector Rivera's assertions, the three elements necessary for the application of *res judicata* have been satisfied as to the claims he attempts to intervene. The elements are as follows:

> (1) a prior final judgment on the merits by a court of competent jurisdiction;
> (2) identity of the parties or those in privity with them; and
> (3) a second action based on the same claims as were raised ***or could have been raised in the first action.*** [Emphasis added].

See, *Berkman v. City of Keene*, 2011 U.S. Dist. Lexis 83580, 2011 WL3268214 (N.D. Tex 2011)(quoting *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996).

  2.3 **Prior Final Judgment on the Merits**. Holding that Hidalgo County had not waived sovereign immunity, County Court at Law No. 7 dismissed Rivera's state court lawsuit ***with prejudice***. "In Texas, a dismissal with prejudice constitutes a 'final judgment on the merits' for purposes of res judicata." *Carrasco v. City of Bryan*, 2012 U.S. Dist. Lexis 36389, WL 950079 (S.D. Tex 2012), citing *Harris County v. Sykes*, 136 S.W.3d 635 (Tex. 2004); *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991). Similarly to the case at hand, *Carrasco*'s state court case was dismissed on the basis of sovereign immunity.

  2.4 Texas Courts have further held that "Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided." *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 273 (Tex. App.—Texarkana 2003, no pet.), citing *Mossler,* supra. "An order dismissing a case with prejudice has full *res judicata* and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. See, *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630-31 (Tex. 1992)." *Henny v. JPMorgan Chase Bank, N.A.*, 2012 Tex. App.—Houston [1st Dist.] Lexis 1208. Additionally, when the Legislature has not waived a governmental entity's immunity on the facts of a case, there is a final adjudication. See, *Harris County,* supra.

2.5     **Identity of the Parties or those in Privity with Them.**  It is undisputed that Rivera's attempted intervention seeks to bring claims against Hidalgo County, the same party he sued in the state court action.

2.6     **A Second Action Based on Claims As Were Raised or Which Could have been Raised in the First Action.**  Affirming the ruling of the United States District Court for the Southern District of Texas, Houston Division, the Fifth Circuit Court of Appeals held that the filing of subsequent § 1983 claims are barred when a plaintiff has previously asserted state tort law claims arising from the same facts.  The Fifth Circuit Court held that an attempt to subsequently seek recovery under § 1983 "does not preclude res judicata; the district court properly applied the doctrine because the instant suit arises from the same set of facts as the earlier state court suit," *Carrasco vs. City of Bryan*, 2013 U.S. App. Lexis 4417; WL 829023 (5th Cir. 2013), citing *Felder v. Casey*, 108 S.Ct. 2302 (1988)(recognizing state courts' concurrent jurisdiction over § 1983 claims); *Barr*, supra (discussing the transactional approach applied by Texas courts); *cf. Black v. N. Panola School Dist.*, 461 F.3d 589-92 (5th Cir. 2006)(applying Mississippi's transactional approach to bar federal § 1983 suit where plaintiff previously asserted state tort law arising from the same set of facts).

2.7     Accordingly, Intervenor, Hector Rivera cannot overcome the application of *res judicata* to his attempted intervention in the instant case, because his state court case arose from the same set of facts, involved the same parties, was dismissed with prejudice based on sovereign immunity and Rivera cannot now assert claims he failed to raise in the first action.

2.8     **Statute of Limitations.**  As these Defendants have previously alleged, the statute of limitations has run on the claims of both Rivera and Course.

2.9     Intervenors are correct when they argue that there is no federal statute of limitations with respect to civil rights actions arising under 42 U.S.C. § 1983.  42 U.S.C. § 1988(a) provides, however, that whenever civil rights statutes are "deficient in the provisions necessary to furnish suitable remedies" the law of the state in which the federal court sits shall govern. Under Texas law, the statute of limitations is two-years for a § 1983 action. *Ali v. Higgs*, 892 F.2d 438 (5th Cir.1990). TEX. CIV. PRAC. & REM. CODE § 16.003(a).

2.10    If any of Rivera's alleged causes of action have survived the application of the doctrine of *res judicata*, which these Defendants deny, the statute of limitations on Rivera's alleged claims ran on February 17, 2012, or, alternatively because his state lawsuit was pending on that date, the date on which his state lawsuit was dismissed with prejudice, May 4, 2012, more than a year before his attempt to intervene herein.

2.11    Based on the Hidalgo County Incident Report regarding Course's arrest by the Joint Narcotic Task Force, the statute of limitations on Course's alleged causes of action ran on May 25, 2013. See Exhibit D to the Response of GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS to the Second Amended Motion to Intervene to Hector Rivera and Johnny Earl Course (Dkt. #23-4).  Accordingly, Course's attempted intervention on July 19, 2013 is almost two months too late.

WHEREFORE, PREMISES CONSIDERED, Defendants GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS pray that Intervenors' Second Amended Motion to Intervene be denied and stricken, or alternatively, that the Court *sua sponte* sever each of said Intervenor's actions into separate lawsuits and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Preston Henrichson*

**PRESTON HENRICHSON**
Texas Bar No. 09477000
Federal I.D. # 1922
LAW OFFICES OF PRESTON HENRICHSON, P.C.
Edinburg, TX 78539
Telephone:   (956) 383-3535
Facsimile:    (956) 383-3585
ATTORNEY IN CHARGE FOR HIDALGO COUNTY
AND GUADALUPE "LUPE" TREVIÑO

**MARISSA CARRANZA HERNANDEZ**
Texas Bar No. 24038802
Federal I.D. # 561308
MACH ATTORNEY AT LAW
205 East Mahl
Edinburg, TX 78539
Telephone:  (956) 386-9733
Facsimile: (956) 386-9882
OF COUNSEL FOR HIDALGO COUNTY
AND GUADALUPE "LUPE" TREVIÑO

## CERTIFICATE OF SERVICE

      This is to certify that on this the 6th day of August, 2013, a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail through the Electronic Case Filing System, to all counsel of record.

      */s/ Preston Henrichson*
_____
For the Firm

James P. Grissom
Attorney at Law
1111 West Nolana Avenue
McAllen, TX 78504-3747

Joseph A. Connors, III
Attorney at Law
605 East Violet #3
McAllen, TX 78504

Richard Alamia
112 South 10 Street
Edinburg, Texas

Eileen M. Leeds
Guerra, Leeds, Sabo, and Hernandez, PLLC
1534 East 6th Street, Ste. 200
Brownsville, Texas 78520