IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JOSE G. PEREZ, § | JURY DEMAND |
| MARIA GUADALUPE PEREZ and § | |
| PATRICK L.T. SHUMAKER § | |
|     Plaintiffs, § | |
| § | |
| v. § | CASE NO. 7:13-cv-00261 |
| § | |
| GUADALUPE "LUPE" TREVIÑO, § | |
| SHERIFF OF HIDALGO COUNTY, § | |
| TEXAS, AND HIDALGO COUNTY, § | |
| TEXAS AND CITY OF MISSION, § | |
| TEXAS, § | |
|     Defendants, § | |

_____

### DEFENDANT CITY OF MISSION'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant City of Mission, Texas, and files this, its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and in support thereof, would respectfully show unto the Court as follows:

### I. Plaintiffs' 42 U.S.C. § 1983 Action

The vast majority of Plaintiffs' response consists of arguing against the concept that Defendant City of Mission cannot ever be sued because of governmental immunity. The City of Mission never made such an argument. What the City actually argued was that Plaintiffs are not entitled to relief because their alleged facts do not meet the essential requirements of a Section 1983 action. In order to find a municipality liable under Section 1983, a plaintiff must <u>allege and prove</u> that a final policymaker acted pursuant to an official policy, and that this action was the moving

force behind a violation of his constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). Plaintiffs' First Amended Original Complaint and Plaintiffs' Response to Defendant's Motion to Dismiss must fail because they do not identify a final policymaker of Defendant City of Mission whose actions constitute a custom or policy of the City of Mission. *See McGregory v. City of Jackson, Miss.*, 335 Fed. Appx. 446 (5th Cir. 2009) (Section 1983 action dismissed for plaintiff's failure to identify a policymaker) and *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 606 (S.D. Tex. 2012) (dismissing claims brought pursuant to Section 1983 because plaintiff failed to identify a policymaker whose decision could be understood as defendant's policy).

In addition to the shortcomings described above, Plaintiffs alleged the City violated their 5th Amendment and 14th Amendment rights. However, their alleged facts do not articulate violations of these constitutional amendments. As discussed above, in addition to identifying a policymaker and a policy or custom, municipal liability under Section 1983 requires plaintiffs to <u>allege and prove</u> a violation of their constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). The 5th Amendment only applies to violations by federal actors, and Plaintiffs do not allege that City of Mission acted pursuant to federal authority in the matters at hand. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir.2000) (*citing Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1996)). In addition, the 14th Amendment protects individuals against deprivations of life, liberty, or property without due process of law, and Plaintiffs do not articulate any such claims.

Plaintiffs' Response goes to great lengths to explain why the City does not have governmental immunity from Section 1983 claims. Nevertheless, nowhere in Plaintiffs' First Amended Complaint or Response to Defendant's Motion to Dismiss are there factual allegations regarding the essential elements of a Section 1983 action. As a result, Defendant City of Mission's

Motion to Dismiss should be granted.

## II. Fair Notice

Plaintiffs further argue that, because they provided the City with fair notice of their claims, and because the City does not argue that it cannot understand the nature of the claims against it, the City's Motion to Dismiss should be denied. *See* Dkt. 35, p. 1 - 5. The City of Mission fully understands the nature of the claims asserted against it. Because of the claims, facts, and allegations that are articulated in Plaintiffs' First Amended Complaint, the City of Mission is entitled to dismissal. There are no factual allegations that refer to the existence of a policymaker whose actions constitute municipal policy, or a policy, practice, or custom that was the moving force behind a violation of Plaintiffs' constitutional rights. As a result it is not Defendant's understanding of Plaintiffs' claims, but rather Plaintiffs' allegations, that entitle the City of Mission to dismissal.

## III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, City of Mission, respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' First Amended Original Complaint, that it deny Plaintiffs' Response to Defendant's Motion to Dismiss, and that Defendant recover all costs incurred herein, including its attorney fees under 42 U.S.C. § 1988 and that Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

By:  /s/ Eileen M. Leeds
 Eileen M. Leeds
 *Attorney-in-Charge*
 State Bar No. 00791093
 USDC Adm. No. 16799

 Jose Luis Caso
 State Bar No. 24065018
 USDC No. 1570664
 *Of Counsel*

>Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
>1534 East 6th Street, Suite 200
>Brownsville, Texas 78520
>Telephone: 956-541-1846
>Facsimile: 956-541-1893
>*Of Counsel*
>**ATTORNEYS FOR DEFENDANT**
>**CITY OF MISSION**

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 D, a certificate of conference is not required.

>  /s/ Eileen M. Leeds
> Eileen M. Leeds

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Via Electronic Notice**
Mr. James P. Grissom
1111 W. Nolana Avenue
McAllen, Texas 78504-3747
*Plaintiffs' Counsel*

**Via Electronic Notice**
Mr. Joseph A. Connors, III
605 E. Violet #3
McAllen, Texas 78504
*Plaintiffs' Counsel*

**Via Electronic Notice**
Mr. Preston Henrichson
Law Offices of Preston Henrichson, P.C.
222 W. Cano
Edinburg, Texas 78539
*Co-Defendants' Counsel*

**Via Electronic Notice**
Mr. Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
*Intervenors' Counsel*

                                                        /s/ Eileen M. Leeds
                                                        Eileen M. Leeds